IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WALTER BREWER | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| VS. | § | NO. 3-10-CV-1721-N-BD |
|  | § |  |
| STATE OF TEXAS, ET AL. | § |  |
|  | § |  |
| Defendants. | § |  |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Walter Brewer, a Texas prisoner, against the State of Texas, a Dallas County prosecutor, his criminal defense lawyer, the Garland Police Department, and a Garland police officer. On April 7, 2010, plaintiff initiated this action by filing a pleading that ultimately was construed as a civil rights complaint. After plaintiff amended his complaint, the court propounded written interrogatories in an attempt to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on October 20, 2010. The court now determines that plaintiff should be allowed to prosecute his excessive force claim against Garland Police Officer Robert Duncan. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to challenge his 1994 state drug conviction and resulting 45-year sentence. Among his claims are that the prosecutor engaged in numerous acts of misconduct, improper testimony was admitted at trial, the court miscalculated his sentence, and he received ineffective assistance of counsel. (*See* Mag. J. Interrog. #6). Plaintiff also contends that he received inadequate medical care while incarcerated in the Texas Department of Criminal Justice prior to his release from custody on July 5, 2007. (*See* Mag. J. Interrog. #5 & 7).

On January 21, 2007, while on parole, plaintiff was arrested by Garland Police Officer Robert Duncan for possession of a controlled substance. (*See* Mag. J. Interrog. # 7 & 8). Plaintiff alleges that Duncan shocked him four times with a taser gun, despite the fact that plaintiff was walking away with his hands in his pockets, had no weapon, and posed no threat. (*See* Mag. J. Interrog. #8). Although plaintiff complained of chest pains as a result of being shocked by the taser, Dunan refused to call for medical assistance. (*Id.*). Plaintiff further alleges that there was no evidence to support his arrest or detention on the pending drug charge, that his release from detention has been delayed, and that he has received ineffective assistance of counsel. (*See* Mag. J. Interrog. # 4, 7, 8). By this suit, plaintiff seeks $40 million in damages and various types of equitable relief.

### A.

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>       (2)     seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

                                B.

The court initially observes that plaintiff's claims arising out of his 1994 drug conviction and resulting incarceration are barred by limitations. In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). With respect to his claims for wrongful arrest, false imprisonment, prosecutorial misconduct, ineffective assistance of counsel, and denial of medical care while incarcerated in the TDCJ, the two-year limitations period commenced no later than July 5, 2007 -- the date plaintiff was

released from prison. Yet plaintiff did not file the instant suit until April 7, 2010. It is clear from the face of the pleadings that these claims are time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss prisoner complaint if it is "clear" that claims asserted are barred by limitations).[1]

C.

Plaintiff's claims relating to his recent arrest, detention, and pending prosecution for possession of a controlled substance are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372; *see also Amir-Sharif v. Dallas Co. Public Defender's Office*, No. 3-06-CV-1038-H, 2006 WL 2848111 at *2 (N.D. Tex. Oct. 6, 2006), *appeal dism'd*, 233 Fed.Appx. 364, 2007 WL 1541325 (5th Cir. May 24, 2007) (*Heck* applies to suits filed by pretrial detainees). Plaintiff acknowledges that no court has ever ruled that the terms of his present confinement are invalid. (*See* Mag. J. Interrog. #9 & 10). Consequently, he cannot maintain a civil rights action under section 1983.

D.

That leaves plaintiff's excessive force claim against Officer Duncan. Plaintiff alleges that Duncan shocked him four times with a taser gun, despite the fact that plaintiff was walking away with his hands in his pockets, had no weapon, and posed no threat. (*See* Mag. J. Interrog. #8). Without suggesting a view of whether dismissal may be proper in a different procedural context,

---

[1] To the extent plaintiff seeks federal habeas relief with respect to his 1994 state drug conviction, his claims are likely barred by the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(1) (establishing one-year statute of limitations for federal habeas proceedings brought under section 2254).

plaintiff has alleged enough facts in his complaint to survive dismissal of his excessive force claim against Duncan at this stage of the proceeding.

## RECOMMENDATION

Plaintiff should be allowed to prosecute his excessive force claim against Garland Police Officer Robert Duncan. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE